CITIZENS' PASSENGER RAILWAY COMPANY *v.* ELIZABETH PANK.

**Continuance—Affidavit For—Irrelevant Matter.**

One can not, by improperly incorporating irrelevant matter in an affidavit for continuance, because of the absence of a witness, get it before the jury.

**Damages—Double Damages—Instruction.**

An instruction that "If the jury find for the plaintiff, they may find not only an amount sufficient to compensate her for the actual injuries sustained by her, but may take into consideration the expense incurred by plaintiff by reason of the injuries, the loss of time to her occasioned by the injuries, her suffering, both mental and physical, and the character, extent and duration of the injuries, and find such amount as in their opinion all the facts and circumstances connected in the case justify, not exceeding the amount claimed in the petition," was held erroneous as authorizing double damages.

**Damages—Measure of Damages—Instruction.**

In an action for personal injuries the jury should be instructed to base their verdict upon the expense of cure, the value of time lost, fair compensation for physical and mental suffering, and for permanent reduction of the plaintiff's earning power.

APPEAL FROM JEFFERSON CIRCUIT COURT.

April 10, 1874.

OPINION BY JUDGE LINDSAY:

Appellee's intestate was injured by being thrown from, or by falling out of appellant's street car. It is claimed that she was so injured in consequence of the servants of the railway company not regarding their duty, but conducting themselves carelessly, negligently and unskillfully, and through the carelessness, negligence and unskillfulness of the driver of the car, and through the carelessness, negligence and default of defendant in not providing a suitable and safe car and driver. The circumstances attending the injury, and the facts constituting the alleged negligence and default, are sufficiently set out. Upon appellee's own statement of her case, she is entitled to recover no more than compensatory damages. Hence, it is necessary, in considering this appeal, to refer to the testimony. We cannot determine that the court erred in refusing to allow appellant to amend its answer during the progress of the trial. No written answer was offered; and the court could not judicially determine whether the amendment would or not be allowed until it was so presented. This view also disposes of the question raised as to the propriety of the action of the court below in excluding testimony.

The court did not err in sustaining exceptions to that portion of Delocchio's affidavit in which he speaks of what he had learned from parties whose names he did not give, and whose absence from court was not explained. The act allowing an affidavit filed to sustain a motion for a postponement of the trial of an action to be read as a deposition does not authorize anything to go to the jury that would not be competent evidence if the absent witness was present and testifying in person; nor can the affiant get irrelevant matter before the jury, by improperly incorporating it in his affidavit.

We perceive no error in the action of the court in refusing instructions asked by appellant. Those given by the court of its own motion, correctly set forth the law applicable to appellant's theory of the case. But one instruction given on the motion of appellee is liable to objection. That is instruction No. 5, which is in these words:

"If the jury find for the plaintiff, they may find not only an amount sufficient to compensate her for the actual injuries sustained by her, but may take into consideration the expense incurred by plaintiff by reason of the injuries, the loss of time to her, occasioned by the injuries, her suffering, both mental and physical, and the character, extent and duration of the injuries, and find such sum as in their opinion all the facts and circumstances connected with the case justify, not exceeding the amount claimed in the petition."

It seems to this court, that under this instruction, the jury might have concluded that they were authorized to give double damages.

First. They were allowed to find a sum sufficient to compensate appellee's intestate for her actual injuries, and

Second. If they saw proper, they might then take into consideration the expense incurred, the loss of time, the suffering, mental and physical, and also the paramount character of the injuries.

The injured woman was entitled, under the pleadings, to recover no more than a sum sufficient to compensate her for her actual injuries. In arriving at the amount, the jury had the right to consider all the facts and elements to which their attention was called in the second branch of the instruction; and the result reached by the consideration of these facts and elements constitutes the compensation, which they should have allowed. Instead of this, they are, in effect, told that they must not only allow compensation, but also take into consideration everything going to fix or determine what sum will amount to compensation, and then give damages in their discretion.

We are satisfied that this is not what was intended to be said, but rather, that in fixing compensation for the actual injuries, the jury should consider certain facts, and base their conclusion upon these facts. The instruction, however, is liable to the construction first pointed out, and is therefore misleading.

We regard it as also misleading in another particular. The con-

cluding clause seems to authorize the jury to make their individual opinions the standards by which the damages were to be fixed, whilst, as matter of law, they should base their verdict upon the expense of cure, the value of time lost, a fair compensation for physical and mental suffering, and for permanent reduction of the injured party's power to earn money. Sherman and Redfield, 606, and The L. C. & L. R. Co. v. Case's Adm'r, Manuscript Opinion.

For the errors indicated the judgment is reversed and the cause remanded for a new trial consistent with this opinion.

*Mundy, Thompson, Booth, for appellant.*

*Russell, Helm, for appellee.*